Filed 6/5/23  P. v. Garcia CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B323594 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA129261) |
| v. | |
| MATTHEW ANDREW GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Affirmed.

Andrew F. Alire, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Police officers discovered defendant Matthew Andrew Garcia at a gas station in Claremont in possession of a stolen truck, methamphetamine, and a handgun. A jury convicted Garcia of possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)) and three other offenses related to the incident. The trial court sentenced him to nine years and four months in prison.

The attorney appointed to represent Garcia on appeal filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) raising no issues. When an attorney files such a brief, we are required to allow the defendant an opportunity to file a supplemental brief (*id.* at p. 439), and we must "conduct a review of the entire record" (*id.* at p. 441). Garcia did not file a supplemental brief, and upon review of the record, we have "found no arguable issue." (*People v. Kelly* (2006) 40 Cal.4th 106, 124.) We therefore affirm the judgment.

## I

On the evening of December 29, 2021, an automated police camera at a major intersection in Claremont captured an image of a license plate belonging to a truck that had been reported as stolen. The Claremont Police Department's computer system alerted officers in the area, and an officer soon spotted the vehicle in question—a white Ford F-250 pickup—parked at a gas station.

After waiting for backup to arrive, the officer ordered the man seated in the driver's seat, later identified as Garcia, to put his hands up. Garcia got out of the truck holding a black backpack and fled on foot, dropping the backpack on the apron where the gas station's driveway led out to the street. Two officers gave chase, caught up to Garcia, and detained him without further incident.

A third officer retrieved the backpack and found it contained Garcia's photo ID card, a loaded handgun, and a baggie containing a substance that the officer believed to be crystal methamphetamine. A Los Angeles County Sheriff's Department criminalist later tested the substance recovered from the backpack and determined that it weighed 0.427 grams and indeed contained methamphetamine. The officer who first spotted Garcia's truck testified that any amount over 0.2 grams is a usable amount of methamphetamine.

Officers found the truck's ignition appeared to have been tampered with. In addition, there was a flathead screwdriver on the driver's seat, which could potentially be used to start the truck without a key. Officers also discovered a set of keys inside the truck, but not the key to operate the truck.

The truck's owner noticed eight days before Garcia's arrest that the truck had gone missing, and reported it stolen. He did not know Garcia and had not given him or anyone else permission to possess the truck. The truck's ignition had been undamaged when the owner last saw it. The owner believed the truck was worth at least $10,000.

## II

An information charged Garcia with one count each of possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)); possession of a firearm by a felon[1] (Pen. Code,[2] § 29800, subd. (a)(1)); receiving a stolen

---

[1] Garcia stipulated for purposes of this count that he had previously been convicted of a felony.

[2] Unless otherwise specified, subsequent statutory references are to the Penal Code.

3

vehicle (§ 496d); and resisting or delaying a peace officer (§ 148, subd. (a)(1)).

A jury convicted Garcia on all four counts. Prior to sentencing, Garcia admitted that he had been convicted in 2017 of mayhem (§ 203), which is a serious (see § 1192.7, subd. (c)(2)) and violent (see § 667.5, subd. (c)(2)) felony for purposes of the three strikes law (§§ 667, subd. (a)(4), 1170.12, subd. (b)(1)). The trial court denied Garcia's motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike the prior conviction for purposes of sentencing.

The court sentenced Garcia to the high term of four years for possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)),[3] plus a consecutive sentence of eight months, or one-third the middle term, for receiving a stolen vehicle (§ 496d). The court doubled those terms because of Garcia's prior strike conviction, yielding an aggregate sentence of nine years and four months. The court also imposed a concurrent term of 364 days for resisting or delaying a peace officer (§ 148, subd. (a)(1)), and stayed the sentence for possession of a firearm by a felon (§ 29800, subd. (a)(1)) pursuant to section 654. Lastly, the court imposed various monetary fines and assessments.

### III

When Garcia's appellate attorney filed the *Wende* brief on February 2, 2023, the attorney stated that he had provided Garcia with a copy of the record and the brief and informed him

---

[3] The court's imposition of the high term was based on its consideration of Garcia's prior convictions, as permitted by section 1170, subdivision (b)(3).

that he had the right to file a supplemental brief within 30 days. On February 7, 2023, we sent Garcia a letter with the same information. We received no response. We have examined the entire record and are satisfied that no arguable issues exist, and Garcia's attorney has complied with the responsibilities of counsel. (*People v. Kelly*, *supra*, 40 Cal.4th at pp. 125-126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment of the trial court is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

CHANEY, J.

BENDIX, Acting P. J.